UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY KIZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| LORNE HUDSON and PROFESSIONAL ) | Judge: |
| CARRIERS INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

NOW COME the Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS INC., by and through their attorneys, Carlton D. Fisher and Anne C. Couyoumjian of HINSHAW & CULBERTSON LLP, and for their Notice of Removal of the above-captioned re-filed case brought by Plaintiff, CORY KIZER, in the Circuit Court of Cook County, Illinois, Case No. 2020 L 3130 (*which was previously filed as 2017 L 9434 in the Circuit Court of Cook County, then removed to federal court as 17-CV-7726, and then voluntarily dismissed by the plaintiff on June 4, 2019*) to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446, the Defendants state as follows:

**I. PRELIMINARY MATTERS**

1. On September 18, 2017, Plaintiff filed his original complaint against these defendants in the Circuit Court of Cook County, Illinois, bearing the caption *Cory Kizer v. Lorne Hudson and Professional Carriers Inc.*, Case No. 2017 L 009434.

2. On September 29, 2017, counsel for the plaintiff, Timothy C. Moll, corresponded via e-mail with the undersigned counsel for the defendants, Carlton D. Fisher, introducing himself as counsel for Cory Kizer. See the original Notice of Removal of the original lawsuit

filed by Cory Kizer, which includes several documents related to the original removal. The original notice of removal of the initial original lawsuit with attached documents is attached as **Exhibit A**.

3. The undersigned counsel for the defendants sent a responsive e-mail on October 24, 2017 to Mr. Moll (a) indicating that he had secured authority from his clients to accept service of process on behalf of the Canadian defendants and (b) seeking confirmation about Cory Kizer's medical bills totaling approximately $70,000 and the $210,000 settlement demand on Mr. Kizer's case. A copy of Mr. Fisher's responsive e-mail correspondence is attached hereto as **Exhibit B.**

4. Mr. Moll responded to Mr. Fisher's October 24, 2017 e-mail on October 25, 2017 confirming the "medicals and amounts" referenced in Mr. Fisher's previous e-mail, meaning the medical bill total was correct (pending a check and the settlement demand for Mr. Kizer's case was $210,000.00). A copy of Mr. Moll's e-mail of October 25, 2017 is attached as **Exhibit C**.

5. The defendants filed their answer in state court to the plaintiff's original complaint on October 26, 2017, setting forth their admissions and denials to the allegations of the complaint and asserting that plaintiff's claimed medical special damages approximate $70,000.00 and the plaintiff's settlement demand was $210,000.00. A copy of the defendants' answer is attached hereto as **Exhibit D**.

6. After the defendants filed their notice of removal, the original case of *Kizer vs. Hudson/Professional Carriers* was assigned to federal district court judge Charles Kocoras. After the plaintiff's counsel filed his appearance, he did not file a motion to remand challenging defendants' assertion of diversity jurisdiction or the admitted amount in controversy of a sum greater than $75,000.00.

7. The parties engaged in written discovery (including participation in the Northern District's Pilot Discovery Program) and oral discovery, specifically: (a) the videotaped deposition of the plaintiff Cory Kizer in Chicago, Illinois; (b) the videotaped deposition of defendant Lorne Hudson in New Brunswick, Canada; (c) the telephonic deposition of defendant Professional Carriers' safety director; (d) the deposition of plaintiff's treating health care provider Dr. James Bastian; and (e) the deposition of plaintiff's treating orthopedic Dr. Ronald Silver.

8. As the case approached the closure of discovery in the summer of 2019, the plaintiff's counsel advised Judge Kocoras at a status conference that he intended to voluntarily dismiss his client's lawsuit. Judge Kocoras then entered an order on June 4, 2019 granting the plaintiff's motion to voluntarily dismiss his lawsuit.

## II. TIMING OF THIS NOTICE OF REMOVAL

9. Nearly a year passed after the June 4, 2019 voluntary dismissal when, on May 1, 2020, the undersigned counsel for the defendants emailed plaintiff's counsel to find out if he and his client intended to re-file their lawsuit within the one year period of time within which a voluntarily dismissed case may be re-filed pursuant to Illinois or federal law. A copy of that email is attached as **Exhibit E**.

10. On May 4, 2020, plaintiff's counsel responded with an email (**Exhibit F**) enclosing a copy of his client's re-filed lawsuit (**Exhibit G**). As the email indicates, plaintiff's counsel re-filed his action on March 16, 2020, but had not taken any steps to serve it or send it to the undersigned counsel for the defendants due to the circumstances of recent COVID-19 events and shelter in place dictates.

11. Defendants would be remiss if they did not draw the court's attention to the language of plaintiff's counsel's May 4, 2020 email in which he asserts that "[w]ith the ad damnum amount . . . listed, we no longer qualify to file in Federal court under diversity, so we are back in state court." [1] Moreover, the "Affidavit of Damages" (**Exhibit H**) that plaintiff's counsel also filed with his re-filed complaint contains an assertion that the case's value is less than $74,001.

12. Defendants' second Notice of Removal was filed with the Clerk of the United States District Court for the Northern District of Illinois within 30 days after counsel for Defendants and the defendants themselves received notice of the plaintiff's re-filed complaint. Because defendants' counsel has effectively accepted service of process of the re-filed complaint on the day that plaintiff's counsel forwarded it to him, namely May 4, 2020, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

### III. DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS

13. Plaintiff resides in Chicago, Illinois; hence he is a citizen of Illinois.

14. Defendant Lorne Hudson resides at 5 York Street, Rexton, New Brunswick E4W2G7, Canada. Accordingly, he is considered a citizen of Canada.

15. Defendant Professional Carriers Inc. is a Canadian corporation with its principal place of business at 54 Somerville Road, P.O. Box 845, Hartland, New Brunswick E7P 3K4. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972). Accordingly, it is a citizen of Canada.

---

[1] The ad damnum clause asserts that the amount sought is "SEVENTY-FOUR DOLLARS ($74,00.00), plus costs of this action."

**IV. NOTWITHSTANDING PLAINTIFF'S *AD DAMNUM* CLAUSE IN HIS RE-FILED COMPLAINT (WHICH DENOTES AMBIGUOUS FIGURES THAT ARE NOT EXPRESSED IN GOOD FAITH )AND HIS "AFFIDAVIT OF DAMAGES," THE AMOUNT IN CONTROVERSY OF THIS CASE IS IN EXCESS OF $75,000**

16. In an attempt to thwart these defendants from invoking diversity jurisdiction over the plaintiff's re-filed lawsuit, the plaintiff's *ad damnum* clause in his re-filed complaint uses ambiguous words that bely the plaintiff's counsel's claim that diversity jurisdiction doesn't exist:

> Plaintiff, CORY KIZER, pray that judgment be entered in favor of Plaintiff and against Defendant, LORNE HUDSON and PROFESSIONAL CARRIERS, INC., in the amount of SEVENTY-FOUR DOLLARS (74,00.00), plus costs of this action.

17. Putting aside the issue of whether plaintiff is ostensibly seeking $74.00, $740.00, $7400.00, or $74,000.00 in his refiled action, plaintiff's assertion of an amount less than $75,000.00 in his *ad damnum* clause is akin to the "fraudulent joinder" of a non-diverse defendant to avoid diversity jurisdiction. Plaintiff's attempt to cure any confusion of what the amount in controversy is by filing his "Affidavit of Damages" (that says "Plaintiff is seeking money damages in excess of 50,000.00 but below $ 74,001.00") raises the interesting issue of whether such an addendum to his complaint should even be considered by this court in determining the amount in controversy.

18. Notwithstanding any confusion that the plaintiff's *ad damnum* clause and affidavit of damages may create, the defendants have and accept the obligation to prove that the amount in controversy in this case is more than $75,000.00. Plaintiff's counsel's self-serving affidavit of damages is unworthy of any serious consideration after this court looks at the competent proof the defendants will offer in this notice of removal.

19. Because this re-filed case originated in state court and was removed to federal court by these defendants, the removing defendants have the burden to demonstrate the amount in controversy exceeds the jurisdictional minimum threshold of $75,000.00. The standard of

proof for establishing the amount in controversy is the "preponderance of the evidence," expressed by some courts as a standard of "competent proof" or "proof to a reasonable probability." *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542 (7th Cir. 2006); *Morales v. Fagen, Inc.,* 654 F.Supp.2d 863 (C.D.Ill. 2009). [2]

20. A defendant meets the burden by supporting its allegations of jurisdiction with "competent proof" meaning "evidence which proves to a reasonable probability that jurisdiction exists." *Chase v. Shop 'n Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997). Some courts permit the submission of "summary judgment type evidence" to resolve an amount in controversy dispute, and where the pleadings are insufficient the court may review the record to find evidence that diversity jurisdiction exists. *Williams v. Best Buy Co.,* 269 F.3d 1316 (11th Cir. 2001).

21. "As a matter of procedure, it is the removing party's responsibility to demonstrate a 'reasonable probability' that jurisdiction exists, but the court has an 'independent obligation' to evaluate whether the court has jurisdiction." *O'Shea v. Walt Disney World Co.,* 2003 U.S. Dist. LEXIS 20053 (N.D. Ill. 2003), citing *Smith v. Am. Gen. Life and Accident Ins. Co. Inc.,* 337 F.3d 888 (7th Cir. 2003). Because out of state defendants have a "statutory right of removal . . . , they should . . . be given a fair opportunity to show that jurisdiction is proper." *Lasusa v. Lake Mich. Trans-Lake Shortcut, Inc.,* 113 F.Supp.2d 1306 (E.D.Wis. 2000).

22. As the Seventh Circuit observed when the jurisdictional threshold amount in controversy was $50,000 instead of $75,000, "[i]t seems unfair to defendants if a plaintiff can . . . have [his case] sent back to state court by agreeing . . . that the amount in controversy will not

---

[2] When a case is initially filed in federal court as opposed to being removed to federal court, the burden of proof associated with the amount in controversy is one of "legal certainty."

surpass $49,999.00." *Shaw v. Dow Brands,* 994 F.2d 364 (7th Cir. 1993). A defendant who removes a case may demonstrate the amount in controversy is more than $75,000.00 from the face of the complaint or from his own knowledge of the plaintiff's claimed injuries and medical special damages. *Campbell v. Bayou Steel Corp.,* 338 F.Supp.2d 896 (N.D.Ill. 2004).

23. Although the general federal rule has long been to decide what the amount in controversy is from the complaint itself, the Supreme Court has made it clear that this rule applies unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith." *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348 (1961). The defendants in this re-filed case will present their "competent proof" and argue that plaintiff's *ad damnum* clause and affidavit of damages were not made in good faith. Moreover, even if the plaintiff were somehow granted leave to correct or explain what he intended in his *ad damnum* clause, such a "correction" is not supported by the facts in this re-filed case and those developed in the original case.

24. First, this court should take judicial notice of the Cook County Circuit Court procedure that a plaintiff cannot file a personal injury lawsuit in the Law Division unless the plaintiff's counsel proffers an affidavit attesting to his requested damages being in excess of $50,000.00.[3] Plaintiff's counsel's affidavit should be unmasked for what it is – an inaccurate statement of the threshold federal court jurisdictional amount in controversy. Avoiding federal court diversity jurisdiction does not require a sum "below $74,001.00" as plaintiff apparently claims in his affidavit; instead, it is $74,999.99 and below. Additional discussion of plaintiff's counsel's disingenuous affidavit of damages and *ad damnum* clause appears below.

---

[3] The language of plaintiff's counsel's 3/16/20 12:00 AM Affidavit of Damages (**Exhibit H**) should be considered when deciding the plaintiff's motive in attempting to preempt defendants' notice of removal.

25. Second, plaintiff's re-filed complaint makes allegations that are identical to those made in his original complaint and which formed the basis for defendants' previous assertion of the amount in controversy required for diversity jurisdiction. The allegations of plaintiff's re-filed complaint, in particular Paragraph 9, attest to the fact that the amount in controversy is in excess of $75,000.00. *Marrs v. Quickway Carriers Inc.,* Slip Copy, 2006 WL 2494746, *1-3 (N.D.Ill. 2006); *McCoy by Webb v. General Motors Corp.,* 226 F.Supp.2d 939, 942 (N.D.Ill. 2002).

26. Third, when Judge Kocoras required the parties to engage in discovery pursuant to the Northern District's Pilot Program on Discovery, plaintiff and defendants set forth discovery answers and responses that support the conclusion that the amount in controversy was in excess of $75,000. For example, the plaintiff produced medical bills totaling over $70,000, a special damages amount that almost equals the threshold amount in controversy of $75,000 on its own without even supplementing with estimated amounts for pain and suffering and loss of enjoyment of life.

27. Fourth, the defendants' answer to plaintiff's re-filed complaint sets forth in response to Paragraph 9 of plaintiff's re-filed complaint a recitation of the plaintiff's claimed medical special damages of $70,247.32 and notes that the plaintiff's original settlement demand was $210,000. See **Exhibit I.** The defendants' answer to paragraph 9 of plaintiff's re-filed complaint is affirmed by the e-mail exchange described above and reflected in the attached e-mails, namely **Exhibits B, C, E & F.**

28. The circumstances of this re-filed case demonstrate a lack of good faith by plaintiff. With the exception of the *ad damnum* clause language, the language of plaintiff's re-filed complaint is identical to his original lawsuit, which was removed with nary an objection by

plaintiff's counsel. Plaintiff's counsel's original agreement that the claimed medical expenses are at least $70,000 belies his current claim that he only wants $74.00, or $740.00, or $7,400.00, or below $74,001.00, or whatever amount he belatedly believes will divest this court of jurisdiction.

29. After the plaintiff's original lawsuit was removed, Judge Kocoras directed the parties' counsel to provide a Joint Status Report before the initial status hearing. The parties' Joint Status Report clearly shows that plaintiff's counsel conceded at the first opportunity before Judge Kocoras that the amount in controversy of the dispute between the plaintiff and defendants was in excess of $75,000.00. See **Exhibit J**.

30. After the December 2017 initial status hearing was held, the plaintiff and his counsel participated in the discovery process of the first case. Plaintiff's counsel served the defendants' counsel with two sets of requests for admission to have the defendants admit that the plaintiff's claimed medical bills totaled slightly in excess of $70,000. The plaintiff's claimed medical bills in the original lawsuit were attached to the requests for admission. See **Exhibit K**.

31. Two of the plaintiff's treating health care providers - Dr. Silver and Dr. Kopsian – are connected with the majority of the medical bills asserted in the requests for admission. The court can rest assured that plaintiff's counsel's questioning of these doctors when deposed by defendants' counsel demonstrated no inclination to downplay the extent, amount and value of the medical care provided to the plaintiff. Moreover, after defendants' counsel deposed Dr. Silver and Dr. Kopsian, the defendants disclosed a medical expert to hopefully refute or qualify the extent of the medical bills, injuries and damages claimed. To the extent that the court reviewing this notice of removal wishes to review the transcripts of the depositions of Dr. Kopsian and Dr. Silver, defendants' counsel can provide copies under seal to the court.

0992638\305771272.v1

32. The plaintiff's counsel's prior discovery actions call into question the "amount in controversy epiphany" that plaintiff's counsel has experienced when refiling his client's lawsuit in the Circuit Court of Cook County. This court should look with skepticism on any claim by the plaintiff that he is only seeking damages that are equal to or slightly less than his claimed medical bills. Why else would he make it a point in his re-filed complaint to claim non-economic damages such as pain and suffering, disability, and/or loss of enjoyment of life?

33. The plaintiff's counsel's recent email to defendants' counsel and his affidavit of damages cavalierly reject the idea that a federal court would have jurisdiction of his re-filed complaint. By expressing the caveat that his case has a precise value between $50,000.00 and $74,001.00 and telling the defendants' counsel that this case "no longer qualifies" for diversity jurisdiction, plaintiff's counsel ignores the law of federal court removal. His dismissive attitude assumes that all this court would need to examine to determine the amount in controversy is plaintiff's "revised" *ad damnum* clause and his affidavit of damages attached to his re-filed complaint.

34. Isn't plaintiff's counsel's May 4, 2020 email "Exhibit 1" of the defendants' competent proof on the question of plaintiff's lack of good faith? Don't the plaintiff's counsel's prior requests for admissions about his client's medical bills totaling more than $70,000.00 prove convincingly that plaintiff's preemptive statements to avoid diversity jurisdiction lack credibility? This court's rejection of defendants' notice of removal would be a prime example of the unfairness that the Seventh Circuit case counselled against in the previously noted case of *Shaw v. Dow Brands,* 994 F.2d 364 (7th Cir. 1993).

35. Finally, defendants argue that the plaintiff is judicially estopped from asserting in his re-filed lawsuit that the amount in controversy is less than $75,000.00. With the exception of

0992638\305771272.v1

the self-serving *ad damnum* clause that lacks good faith, nothing in the allegations of the re-filed lawsuit shows or states that the value of plaintiff's case either dropped to one percent or less of its previous value ($75,000 down to $74.00 or $740.00), or dropped to ten per cent of its previous value ($75,000 down to $7,400.00), or dropped precisely to 98.66% of its previous value ($75,000.00 down to $74,001.00). Simply put, the ambiguous language in plaintiff's *ad damnum* clause is not entitled to any deference.

36. Moreover, plaintiff's counsel's affidavit of damages does not salvage his belated and revisionist attempt to limit the amount in controversy to a figure below $75,000.00. What better proof is there of plaintiff's counsel's lack of good faith than to quote a figure in his most recent affidavit of damages ("less than $74,001.00") that flies in the face of (a) the medical special damages that he asserted in his requests for admission and (b) the reality that a case involving medical special damages of over $70,000.00 does not magically involve general damages of pain and suffering or loss of enjoyment of life/disability of $4,999.00 or less.

37. Accordingly, in light of plaintiff's previous assessment of the value of his case, his allegations in his original and re-filed complaints, the allegations in the defendants' answers and other papers submitted with this notice of removal, plaintiff's concessions made at the initial status hearing of the first case, his requests for admission to the defendants on the precise amounts of the medical bills being claimed, his lack of good faith in expressing the amount in controversy, and the doctrine of estoppel, the threshold amount in controversy of $75,000 has been met by the defendants.

**IV.    DIVERSITY JURISDICTION EXISTS IN THIS REMOVED CASE**

38. 28 U.S.C. § 1441 (a) provides the following:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a).

39. Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

40. This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (2) citizens of a State and citizens or subjects of a foreign state . . . .

28 U.S.C. §§ 1332(a).

## CONCLUSION

41. Pursuant to 28 U.S.C. §1441(a), removal to the United States District Court for the Northern District of Illinois is proper because that District embraces the Circuit Court of Cook County of the State of Illinois, the place where this action is currently pending. *See* 28 U.S.C. §93(c).

42. Pursuant to 28 U.S.C. §1446(d), Defendants Lorne Hudson and Professional Carriers Inc. will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, State of Illinois, and give written notice of the removal of the action to counsel for Plaintiff.

43. By removing the action to this Court, Defendants Lorne Hudson and Professional Carriers Inc. do not waive any defenses, objections or motions available to them under state or federal law.

0992638\305771272.v1

WHEREFORE, pursuant to 28 U.S.C. §§1441 and 1446, Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS INC., respectfully remove to this Court the action docketed under Case No. 2020 L 003130, in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: */s/Carlton D. Fisher*
One of the Attorneys for Defendants
LORNE HUDSON and PROFESSIONAL
CARRIERS INC.

Carlton D. Fisher
cfisher@hinshawlaw.com
Anne C. Couyoumjian
acouyoumjian@hinshawlaw.com
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450

0992638\305771272.v1