**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CORY KIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| LORNE HUDSON and PROFESSIONAL | ) | Judge: |
| CARRIERS INC., | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CORY KIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.: 2017 L 009434** |
| | ) | |
| LORNE HUDSON and PROFESSIONAL | ) | |
| CARRIERS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:  Law Offices of Timothy C. Moll
221 N. LaSalle Street, Suite 2301
Chicago, IL 60601

PLEASE TAKE NOTICE THAT on **October 26, 2017**, we caused to be filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, the attached **Defendants' Notice of Removal**, a copy of which is attached hereto, that divests this Court of Jurisdiction.

Carlton D. Fisher
Annie Couyoumjian
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

_____
Attorneys for Defendants

### PROOF OF SERVICE

I, the undersigned, a non-attorney on oath, state that I served the above and foregoing by mailing a copy to the above listed party(ies) of record and depositing the same in the U.S. Mail at 222 North LaSalle, Chicago, Illinois by 5:00 p.m. on the 26th day of **October, 2017** with proper postage prepaid.

[x[ Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth herein are true and correct.

_____

300646080v1 0992638

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

CORY KIZER,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )      Case No.:
                                     )
LORNE HUDSON and PROFESSIONAL        )      Judge:
CARRIERS INC.,                       )
                                     )
            Defendants.              )

## NOTICE OF REMOVAL

NOW COME the Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS

INC., by and through their attorneys, Carlton D. Fisher and Anne C. Couyoumjian of

HINSHAW & CULBERTSON LLP, and for their Notice of Removal of the above-captioned

case brought by Plaintiff, CORY KIZER, in the Circuit Court of Cook County, Illinois, Case No.

2017 L 009434, to the United States District Court for the Northern District of Illinois, pursuant

to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446, the Defendants state as follows:

**I.      PRELIMINARY MATTERS**

1.      On September 18, 2017, Plaintiff filed a Complaint (attached as **Exhibit A**) in the

Circuit Court of Cook County, Illinois, bearing the caption *Cory Kizer v. Lorne Hudson and*

*Professional Carriers Inc.*, Case No. 2017 L 009434.

2.      On September 29, 2017, counsel for the plaintiff, Timothy C. Moll, corresponded

via e-mail with the undersigned counsel for the defendants, Carlton D. Fisher, introducing

himself as the new counsel for Cory Kizer. Among the items he set forth in the e-mail was his

understanding that his predecessor counsel, James Burke, had reached an agreement with the

undersigned counsel for the defendants, Carlton D. Fisher, in which Mr. Fisher would accept

service of process of the Kizer lawsuit and obviate the need for plaintiff's counsel to serve the

Canadian defendants, Lorne Hudson and Professional Carriers, Inc., with service of process and the complaint. (A copy of Mr. Moll's e-mail correspondence is attached hereto as **Exhibit B.**)

3.    After completing a multi-week September – October 2017 trial, the undersigned counsel for the defendants sent a responsive e-mail on October 24, 2017 to Mr. Moll (a) indicating that he had secured authority from his clients for accepting service of process on behalf of the Canadian defendants and (b) seeking confirmation about Cory Kizer's medical bills totaling approximately $70,000 and the $210,000 settlement demand on Mr. Kizer's case. (A copy of Mr. Fisher's responsive e-mail correspondence is attached hereto as **Exhibit C.**)

4.    Mr. Moll responded to Mr. Fisher's October 24, 2017 e-mail on October 25, 2017 confirming the "medicals and amounts" of Mr. Fisher's previous e-mail, meaning the medical bill total was correct (pending a check with his client) and the settlement demand of $210,000.00 for Mr. Kizer's case is still in play. (A copy of Mr. Moll's e-mail of October 25, 2017 is attached as **Exhibit D.**)

5.    The defendants filed their answer to the plaintiff's complaint on October 26, 2017, setting forth their admissions and denials to the allegations of the complaint and asserting that plaintiff's claimed medical special damages approximate $70,000.00 and the plaintiff's settlement demand is $210,000.00. (A copy of the defendants' answer is attached hereto as **Exhibit E.**)

6.    This Notice of Removal was filed with the Clerk of the United States District Court for the Northern District of Illinois within 30 days after counsel for Defendants received notice of the plaintiff's complaint and accepted service of process on October 24, 2017, and therefore this Notice is timely under 28 U.S.C. § 1446(b).

7.    28 U.S.C. § 1441 (a) provides the following:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original

2

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a).

8.     Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9.     This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which provides:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (2)  citizens of a State and citizens or subjects of a foreign state . . .

28 U.S.C. §§ 1332(a).

## II.     AMOUNT IN CONTROVERSY

10.     On its face, Plaintiff's Complaint admits that the matter exceeds the jurisdictional threshold of $50,000 for Illinois state court Law Division actions.  (See Plaintiff's Counsel's Illinois Supreme Court Rule 222 Affidavit of Damages attached as a part of **Exhibit A.**)

11.     Moreover, the Defendants' Answer to Plaintiff's Complaint sets forth in response to Paragraph 9 of Plaintiff's Complaint a recitation of the Plaintiff's claimed medical special damages of $70,247.32 and notes that the Plaintiff's original settlement demand was and remains $210,000. (See **Exhibit E**).  The defendants' answer to paragraph 9 of plaintiff's complaint is affirmed by the e-mail exchange described above and reflected in the attached e-mails, namely **Exhibits B, C & D.**

12.     The allegations of Plaintiff's Complaint, in particular Paragraph 9, attest to the fact that the amount in controversy is in excess of $75,000.00. *Marrs v. Quickway Carriers Inc.,*

3 .

Slip Copy, 2006 WL 2494746, *1-3 (N.D.Ill. 2006); *McCoy by Webb v. General Motors Corp.*, 226 F.Supp.2d 939, 942 (N.D.Ill. 2002).

13.    Accordingly, in light of Plaintiff's own assessment of the value of his case, the amount in controversy requirement of $75,000 has been met.

## III.    DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS

14.    Plaintiff resides in Illinois and is, therefore, a citizen of the State of Illinois.  (*See* **Exhibit A**).

15.    Defendant Lorne Hudson resides at 5 York Street, Rexton, New Brunswick E4W2G7. Accordingly, he is considered a citizen of Canada.

16.    For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.  *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972)

17.    Professional Carriers Inc. is a Canadian corporation with its principal place of business at 54 Somerville Road, P.O. Box 845, Hartland, New Brunswick E7P 3K4. Accordingly, it is a citizen of Canada.

### CONCLUSION

18.    Pursuant to 28 U.S.C. §1441(a), removal to the United States District Court for the Northern District of Illinois is proper because that District embraces the Circuit Court of Cook County of the State of Illinois, the place where this action is currently pending.  *See* 28 U.S.C. §93(c).

19.    Pursuant to 28 U.S.C. §1446(d), Defendants Lorne Hudson and Professional Carriers Inc. will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, State of Illinois, and give written notice of the removal of the action to counsel for Plaintiff.

4

20.     By removing the action to this Court, Defendants Lorne Hudson and Professional

Carriers Inc. do not waive any defenses, objections or motions available to them under state or

federal law.

WHEREFORE, pursuant to 28 U.S.C. §§1441 and 1446, Defendants, LORNE HUDSON

and PROFESSIONAL CARRIERS INC., respectfully remove to this Court the action docketed

under Case No. 2017 L 009434, in the Circuit Court of Cook County, Illinois, to the United

States District Court for the Northern District of Illinois.

                                    Respectfully submitted,

                                    HINSHAW & CULBERTSON LLP


                            By: /s/Carlton D. Fisher
                                    One of the Attorneys for Defendants
                                    LORNE HUDSON and PROFESSIONAL
                                    CARRIERS INC.


Carlton D. Fisher
cfisher@hinshawlaw.com
Anne C. Couyoumjian
acouyoumjian@hinshawlaw.com
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450

300593658v1 0992638

Case: 1:17-cv-07726 Document #: 1-1 Filed: 10/26/17 Page 1 of 21 PageID #:6

ELECTRONICALLY FILED
9/18/2017 3:00 PM
2017-L-009434
CALENDAR: X
PAGE 1 of 5
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

Atty No 36251
STATE OF ILLINOIS)
        ) SS
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CORY KIZER, | ) |
| | ) |
|     Plaintiff, | ) |
|     vs. | ) No. |
| | ) |
| LORNE HUDSON and PROFESSIONAL | ) |
| CARRIERS INC., | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CORY KIZER by and through his attorneys, LAW

OFFICES OF TIMOTHY MOLL, and complains of the Defendants, LORNE HUDSON and

PROFESSIONAL CARRIERS INC, stating as follows:

    1. On or about the 19th day of November, 2015, Plaintiff, CORY KIZER was a passenger

in a vehicle operated by Clara Arnold, traveling in southerly direction on and upon Cottage Grove

at or near 111th, in the City of Chicago, County of Cook and the State of Illinois.

    2. At the aforesaid time and place, Defendant, PROFESSIONAL CARRIERS INC., owned

and Defendant, LORNE HUDSON, operated a certain motor vehicle in a reverse direction on and

upon Cottage Grove at or near 111th St, in the City of Chicago, County of Cook and the State of

Illinois.

    3. That at the aforesaid time and place and at all times mentioned herein, the Plaintiff was

in the exercise of all due care and caution for the Plaintiff's own safety, and for others then and there

present.

EXHIBIT

A

4. At all times hereto material, it was the duty of the Defendants to exercise ordinary care for the safety of the person and property of others then and there upon said roadway, and especially the Plaintiff herein.

5.    At the time and Place, Defendant, LORNE HUDSON was acting as agent/employee of Defendant, PROFESSIONAL CARRIERS, INC.

6. That the Defendants carelessly, negligently and improperly operated, drove, managed, controlled, propelled and equipped said motor vehicle while driving at the aforesaid time and place, specifically by failing to yield the right of way to the Plaintiff, by reversing his vehicle from the on the  through travel lane of Cottage Grove striking the Plaintiff's vehicle, and that by reason of the careless, negligent and improper conduct of the Defendants, the Defendant's vehicle was then and there caused to come into violent contact and collision with Plaintiff's vehicle, and the Plaintiff was then and there knocked down, thrown and hurled with great force and violence against said motor vehicle.

7. Notwithstanding said duty as heretofore alleged, Defendants then and there did or failed to do one or more of the following careless and negligent acts and/or omissions:

ELECTRONICALLY FILED
9/18/2017 3:00 PM
2017-L-009434
PAGE 2 of 5

    (a) Operated said motor vehicle at a rate of speed greater than was reasonable and proper for considerations then and there existing upon said roadway, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 11- 601(a);

    (b) Maintained, equipped and operated said motor vehicle without brakes adequate to control the movement of and to stop said vehicle in time and hold said vehicle, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 12-301(a);

    (c) Failed to retain sufficient and proper control over the operation of said vehicle;

    (d) Failed and neglected to keep a proper lookout for persons and property lawfully and rightfully on said parking lot;

(e) Failed and neglected to operate said motor vehicle in a reasonable and safe manner so as not to cause damage to Plaintiffs' vehicle;

(f) Negligently and carelessly failed to give audible warning with the horn of the approach of said vehicle contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 12-601(a);

(g) Negligently and carelessly operated said motor vehicle by failing to yield the right-of-way to the Plaintiffs vehicle that was approaching on the roadway Defendant was attempting to enter, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 11-906;

(f) Operated said motor vehicle in a reverse direction without first ascertaining that such movement could be made with safety and without interfering with other traffic, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2 Section 11-1402 (a);

ELECTRONICALLY FILED
9/18/2017 3:00 PM
2017-L-009434
PAGE 3 of 5

8.    As a proximate result of the careless and negligent conduct of the Defendant, as aforesaid, Plaintiff sustained damages to his vehicle, by reason of which Plaintiff expended and incurred obligations for expenses and care of said vehicle and other personal expenses resulting from the damaged vehicle

9.    As a proximate result of the conduct of the Defendants, as aforesaid, Plaintiff sustained divers temporary and permanent disabling injuries internally and externally, by reason of which Plaintiff expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligations; Plaintiff has been and will be prevented from attending to Plaintiff's usual affairs and duties and has lost and will continue to lose great gains Plaintiffs would otherwise have made and acquired.

WHEREFORE, the Plaintiff, CORY KIZER pray that judgment be entered in favor of Plaintiff and against Defendant, LORNE HUDSON and PROFESSIONAL CARRIERS, INC., in the amount in excess of THIRTY THOUSAND DOLLARS ($ 30,00.00), plus costs of this action.

Respectfully submitted,

BY: _____

Timothy Moll

LAW OFFICES OF TIMOTHY C. MOLL
Attorneys for Plaintiff
221 N. LaSalle St., Ste. 2301
Chicago, Illinois 60601
Phone (312)726-1731
Atty. No. 36251
Email claw-tmoll@usa.net

ELECTRONICALLY FILED
9/18/2017 3:00 PM
2017-L-009434
PAGE 4 of 5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **CORY KIZER,** | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| | ) |
| **LORNE HUDSON and PROFESSIONAL** | ) |
| **CARRIERS INC.,** | ) |
| | ) |
| Defendants. | ) |

ELECTRONICALLY FILED
9/18/2017 3:00 PM
2017-L-009434
PAGE 5 of 5

## AFFIDAVIT OF DAMAGES

The undersigned being first duly sworn upon oath deposes and states that in the above entitled

action the Plaintiff is seeking money damages in excess of 50,000.00

Further Affiant Sayeth Not.

Under penalty of perjury as provided by law pursuant to Section 1-109 of the Code of Civil
Procedure, the undersigned attorney certifies that the statements set forth in this instrument are
true and correct, except as to certain matters herein stated to be on information and belief, and as
to such matters I certify that I verily believe the same to be true.

_____
Timothy Moll

LAW OFFICES OF TIMOTHY C. MOLL
Attorneys for Plaintiff
221 N. LaSalle St., Ste. 2301
Chicago, Illinois 60601
Phone (312)726-1731
Atty. No. 36251

Summons - Alias Summons                                                                 (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CORY KIZER

                              v.                    No. 2017-L-009434

LORNE HUDSON;                                       Defendant Address:
PROFESSIONAL CARRIERS, INC                          PROFESSIONAL CARRIERS, INC
                                                    VIA ILLINOIS SECRETARY OF STATE
                                                    L/K/A 54 SOMERVILLE RD HARTAND, NB
                                                    CANADA
                                                    SPRINGFIELD, IL 62756

☑ SUMMONS  ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie              ☐ District 3 - Rolling Meadows          ☐ District 4 - Maywood
   5600 Old Orchard Rd.              2121 Euclid 1500                          Maybrook Ave.
   Skokie, IL 60077                  Rolling Meadows, IL 60008                 Maywood, IL 60153

☐ District 5 - Bridgeview          ☐ District 6 - Markham                   ☐ Richard J. Daley Center
   10220 S. 76th Ave.               16501 S. Kedzie Pkwy.                     50 W. Washington, LL-01
   Bridgeview, IL 60455             Markham, IL 60428                         Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 36251 _____          Witness:          Monday, 18 September 2017

Name: MOLL TIMOTHY LAW OFFICES              /s DOROTHY BROWN

Atty. for: CORY KIZER                        DOROTHY BROWN, Clerk of Court

Address: 221N LASALLE 2301

City/State/Zip Code: CHICAGO, IL 60601       Date of Service: _____

Telephone: (312) 726-1731                    (To be inserted by officer on copy left with Defendant or other person)

Primary Email Address: claw-tmoll@usa.net

Secondary Email Address(es):                 **Service by Facsimile Transmission will be accepted at:

_____                              _____

_____                              (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**Page 1 of 1**

Summons - Alias Summons                                                                          (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CORY KIZER

v.

LORNE HUDSON;
PROFESSIONAL CARRIERS, INC

No. 2017-L-009434

Defendant Address:

LORNE HUDSON
VIA ILLINOIS SECRETARY OF STATE
L/K/A 54 SOMERVILLE RD HARTAND, NB
CANADA
SPRINGFIELD, IL 62756

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801_____ ,Chicago, Illinois 60602
☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows          ☐ District 4 - Maywood
   5600 Old Orchard Rd.           2121 Euclid 1500                        Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008               Maywood, IL 60153
☐ District 5 - Bridgeview     ☐ District 6 - Markham                  ☐ Richard J. Daley Center
   10220 S. 76th Ave.             16501 S. Kedzie Pkwy.                  50 W. Washington, LL-01
   Bridgeview, IL 60455           Markham, IL 60428                      Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 36251

Name: MOLL TIMOTHY LAW OFFICES

Atty. for: CORY KIZER

Address: 221 N LASALLE 2301

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 726-1731

Primary Email Address: claw-tmoll@usa.net

Secondary Email Address(es):

Witness:              Monday, 18 September 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

TO:        LORNE HUDSON and PROFESSIONAL CARRIERS INC OF HARTLAND, NEW BRUNSWICK, CANADA

I, Counsel for LORNE HUDSON and PROFESSIONAL CARRIERS INC OF HARTLAND, NEW BRUNSWICK, CANADA, acknowledge receipt of your request that I waive service of summons in the action of  CORY KIZER v. LORNE HUDSON, et. al. in the Circuit Court of Cook County, Illinois.

I agree to save the cost of service of a summons that I (or the individual on whose behalf I am acting) be served with judicial process in the manner provided by the Illinois Code of Civil Procedure.

I (or the individual on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion is not served upon you within 60 days after     September 29, 2017    .

(Date Request was Sent)

_____          _____
(Date)                                  (Signature)

        Printed/Typed Name: _____

**Fisher, Carlton D.**

| | |
|---|---|
| **From:** | Tim Moll <tmoll@usa.net> |
| **Sent:** | Friday, September 29, 2017 5:10 PM |
| **To:** | Fisher, Carlton D. |
| **Subject:** | Cory Kizer v. Hudson and professional carriers |
| **Attachments:** | Kizer Complaint.pdf; Kizer Summons1.pdf; kizer Summons2.pdf; kizer-waiver.docx |

Carlton:

Sorry to send it late on a Friday, so give me a response next week. Enclosed, please find the complaint filed against your clients last week. As I understood it, you would accept service. Please let me know if I am mistaken.
 I took this file over from James Burke's office.

Thanks

Timothy Moll

Law Offices of Timothy C. Moll
221 N. LaSalle Street, Suite 2301
Chicago, Illinois 60601
www.timothymoll-law.com
Phone (312) 726-1731
Fax  (312) 726-1736

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.



1

## Fisher, Carlton D.

| | |
|---|---|
| **From:** | Fisher, Carlton D. |
| **Sent:** | Tuesday, October 24, 2017 4:34 PM |
| **To:** | Tim Moll |
| **Cc:** | Carlton Fisher; Anne C. Couyoumjian |
| **Subject:** | RE: Cory Kizer v. Hudson and professional carriers |

Tim,

I'm sorry for the long delay in getting back to you about this Kizer case that you inherited from Jim Burke.

First, although I do not remember agreeing to a previous request that I accept service of process on behalf of my Canadian clients, I have secured permission to do that. This agreement will obviate your need to go through the Hague Convention or a more cumbersome procedure for securing service of process on my clients. I am hoping such cooperation will inure to my benefit in the future when I need a favor.

I am preparing an answer which I will file shortly.

Second, as you know, Jim Burke and I settled the cases of Mr. Kizer's alleged companions for very modest amounts. We agreed that Mr. Kizer's claim would have to be litigated since his medical special damages alone totalled more than $70,000 (when last counted in late 2016) and Jim Burke's settlement demand was $210,000.00. Can you please confirm for me that your client's settlement demand is still $210,000.00?

If you have any updated medical beyond what I am listing below, please provide that information to me.

Cook County Hospital - $194.00; Advanced Medical Med (Dr. James Kopsian) - $11,865.41; Advanced Physical Med (Michael Bershander LPT); Pinnacle Pain Management - $380.00; North Shore Orthopedics - $12,043.26; Royal First Asst. - $4,773.00; Archer Open MRI - $3,600.00; North Shore Anesthesia - $1,440.00; and APM Surgical Group - $29,755.15, for a total of $70,247.32 in medical special damages.

Thank you for your anticipated cooperation.

Carlton D. Fisher
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300, Chicago, IL, 60601
Tel: 312-704-3450 | Fax: 312-704-3001
cfisher@hinshawlaw.com | hinshawlaw.com

-----Original Message-----
From: Tim Moll [mailto:tmoll@usa.net]
Sent: Friday, September 29, 2017 5:10 PM
To: Fisher, Carlton D.
Subject: Cory Kizer v. Hudson and professional carriers



Carlton:

Sorry to send it late on a Friday, so give me a response next week. Enclosed, please find the complaint filed against your clients last week. As I understood it, you would accept service. Please let me know if I am mistaken.
I took this file over from James Burke's office.

Thanks

Timothy Moll


Law Offices of Timothy C. Moll
221 N. LaSalle Street, Suite 2301
Chicago, Illinois 60601
www.timothymoll-law.com
Phone (312) 726-1731
Fax  (312) 726-1736


CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

2

## Fisher, Carlton D.

| | |
|---|---|
| **From:** | Tim Moll <tmoll@usa.net> |
| **Sent:** | Wednesday, October 25, 2017 3:31 PM |
| **To:** | Fisher, Carlton D. |
| **Subject:** | RE: Cory Kizer v. Hudson and professional carriers |

Carlton:

I have exactly what you have regarding medicals and amounts. I placed a call to confirm no recent treatment, so I will confirm with you when my client calls me back.

Thanks for appearing. We are up on the 15th of Nov in 2205 at 9:30, if you just want to do it all on that day, that is fine by me.

If you need anything else, please let me know.

Timothy Moll

Law Offices of Timothy C. Moll
221 N. LaSalle Street, Suite 2301
Chicago, Illinois 60601
www.timothymoll-law.com
Phone (312) 726-1731
Fax  (312) 726-1736

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

------ Original Message ------
Received: Tue, 24 Oct 2017 04:34:11 PM CDT
From: "Fisher, Carlton D." <cfisher@hinshawlaw.com>
To: Tim Moll <tmoll@usa.net>Cc: "Fisher, Carlton D." <cfisher@hinshawlaw.com>,
"Couyoumjian, Anne C."<ACouyoumjian@hinshawlaw.com>
Subject: RE: Cory Kizer v. Hudson and professional carriers



Tim,

I'm sorry for the long delay in getting back to you about this Kizer case that you inherited from Jim Burke.

1

Case: 1:17-cv-07726 Document #: 1-1 Filed: 10/26/17 Page 13 of 21 PageID #:18

First, although I do not remember agreeing to a previous request that I accept service of process on behalf of my Canadian clients, I have secured permission to do that. This agreement will obviate your need to go through the Hague Convention or a more cumbersome procedure for securing service of process on my clients. I am hoping such cooperation will inure to my benefit in the future when I need a favor.

I am preparing an answer which I will file shortly.

Second, as you know, Jim Burke and I settled the cases of Mr. Kizer's alleged companions for very modest amounts. We agreed that Mr. Kizer's claim would have to be litigated since his medical special damages alone totalled more than $70,000 (when last counted in late 2016) and Jim Burke's settlement demand was $210,000.00. Can you please confirm for me that your client's settlement demand is still $210,000.00?

If you have any updated medical beyond what I am listing below, please provide that information to me.

Cook County Hospital - $194.00; Advanced Medical Med (Dr. James Kopsian) - $11,865.41; Advanced Physical Med (Michael Bershander LPT); Pinnacle Pain Management - $380.00; North Shore Orthopedics - $12,043.26; Royal First Asst. - $4,773.00; Archer Open MRI - $3,600.00; North Shore Anesthesia - $1,440.00; and APM Surgical Group - $29,755.15, for a total of $70,247.32 in medical special damages.

Thank you for your anticipated cooperation.

Carlton D. Fisher
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300, Chicago, IL, 60601
Tel: 312-704-3450 | Fax: 312-704-3001
cfisher@hinshawlaw.com | hinshawlaw.com


-----Original Message-----
From: Tim Moll [mailto:tmoll@usa.net]
Sent: Friday, September 29, 2017 5:10 PM
To: Fisher, Carlton D.
Subject: Cory Kizer v. Hudson and professional carriers


Carlton:

Sorry to send it late on a Friday, so give me a response next week. Enclosed, please find the complaint filed against your clients last week. As I understood it, you would accept service. Please let me know if I am mistaken.
 I took this file over from James Burke's office.

Thanks

Timothy Moll

2

Law Offices of Timothy C. Moll
221 N. LaSalle Street, Suite 2301
Chicago, Illinois 60601
www.timothymoll-law.com
Phone (312) 726-1731
Fax (312) 726-1736

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments
accompanying it) may contain confidential information belonging to the sender
which is protected by the attorney-client privilege. The information is
intended only for the use of the intended recipient. If you are not the
intended recipient, you are hereby notified that any disclosure, copying,
distribution or the taking of any action in reliance on the contents of this
information is strictly prohibited. Any unauthorized interception of this
transmission is illegal. If you have received this transmission in error,
please promptly notify the sender by reply e-mail, and then destroy all copies
of the transmission.
Hinshaw & Culbertson LLP is an Illinois registered limited liability
partnership that
has elected to be governed by the Illinois Uniform Partnership Act
(1997).<br><br>

The contents of this e-mail message and any attachments are intended solely
for
the addressee(s) named in this message. This communication is intended to be
and to remain confidential and may be subject to applicable attorney/client
and/or
work product privileges. If you are not the intended recipient of this
message, or if
this message has been addressed to you in error, please immediately alert the

sender by reply e-mail and then delete this message and its attachments. Do
not
deliver, distribute or copy this message and/or any attachments and if you are
not
the intended recipient, do not disclose the contents or take any action in
reliance
upon the information contained in this communication or any attachments.

Case: 1:17-cv-07726 Document #: 1-1 Filed: 10/26/17 Page 15 of 21 PageID #:20

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CORY KIZER,                                )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )     No. 2017 L 009434
                                           )
LORNE HUDSON and PROFESSIONAL              )
CARRIERS INC.,                             )
                                           )
          Defendant.                       )

### NOTICE OF FILING

TO:    Law Offices of Timothy C. Moll
       221 N. LaSalle Street
       Suite 2301
       Chicago, IL 60601

       **PLEASE TAKE NOTICE** that on October 25 2017, we caused to be filed with the Clerk of the Circuit Court of Cook County, County Department, Law Division, **Defendant's Appearance and Jury Demand and Answer to Plaintiff's Complaint**, a copy of which is attached hereto and herewith served upon you.

Carlton D. Fisher
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450
Firm No. 90384

### PROOF OF SERVICE

       I, the undersigned, a non-attorney, certify that I served the Notice of Filing and **Defendant's Appearance and Jury Demand and Answer to Plaintiff's Complaint** by depositing the same in the U.S. Mail at 222 N. LaSalle, Suite 300 by 5:00 p.m. on October 25, 2017, with proper postage prepaid.

[x]    Under penalties as provided by law pursuant to
Section 1-109 of the Illinois Code of Civil Procedure (735
ILCS 5/1-109), I certify that the statements set forth herein are
true and correct.



300639776v1 0992638

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CORY KIZER )
)
        Plaintiff, )
) Case No. 2017 L 009434
v. )
)
LORNE HUDSON and PROFESSIONAL )
CARRIERS, INC., )
)
        Defendants. )
)

## APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendants, **LORNE HUDSON AND PROFESSIONAL CARRIERS, INC.**

    **\*Defendant demands trial by jury.**

_____
            Carlton D. Fisher

**Name: HINSHAW & CULBERTSON LLP**
**Attorney for:** Defendants
**Address:**     222 North LaSalle Street, Suite 300
**City:**         Chicago, IL 60601-1081
**Telephone:**  312-704-3450
**Atty. No.**     90384

    **\*Strike demand for trial by jury if not applicable.**

    I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
        Attorneys for Defendants

300639744v1 0992638

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CORY KIZER, )
           Plaintiff, )
                           )    Case No. 2017 L 009434
v. )
                           )
LORNE HUDSON and PROFESSIONAL )
CARRIERS INC., )
           Defendants. )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS INC., residents, citizens and a corporation of the country of Canada, by and through their attorneys, HINSHAW & CULBERTSON LLP, and for their answers to plaintiff's Complaint, they state as follows:

    1.    On or about the 19th day of November, 2015, Plaintiff, CORY KIZER was a passenger in a vehicle operated by Clara Arnold, traveling in southerly direction on and upon Cottage Grove at or near 111th, in the City of Chicago, County of Cook and the State of Illinois,

    **ANSWER:**  **Defendants admit on information and belief that Ciara Arnold was driving her car at or near Cottage Grove and 111th in Chicago, Illinois, on November 19, 2015; further answering, the defendants deny the remaining allegations of paragraph 1.**

    2.    At the aforesaid time and place, Defendant, PROFESSIONAL CARRIERS INC., owned and Defendant, LORNE HUDSON, operated a certain motor vehicle in a reverse direction on and upon Cottage Grove at or near 111th St, in the City of Chicago, County of Cook and the State of Illinois.

    **ANSWER:**  **Admitted.**

3.    That at the aforesaid time and place and at all times mentioned herein, the Plaintiff was in the exercise of all due care and caution for the Plaintiff's own safety, and for others then and there present.

**ANSWER:    Denied.**

4.    At all times hereto material, it was the duty of the Defendants to exercise ordinary care for the safety of the person and property of others then and there upon said roadway, and especially the Plaintiff herein.

**ANSWER:    The defendants deny that the allegations of paragraph 4 accurately state what duty, if any, they owed to the plaintiff or any other person.**

5.    At the time and Place, Defendant, LORNE HUDSON was acting as agent/employee of Defendant, PROFESSIONAL CARRIERS, INC.

**ANSWER:    Pursuant to the provisions of the Federal Motor Carrier Safety Regulations and any comparable regulations applicable to Canadian drivers, employees, employers and motor carriers while operating in the United States, the defendants admit that LORNE HUDSON was the statutory employee of PROFESSIONAL CARRIERS INC.**

6.    That the Defendants carelessly, negligently and improperly operated, drove, managed, controlled, propelled and equipped said motor vehicle while driving at the aforesaid time and place, specifically by failing to yield the right of way to the Plaintiff, by reversing his vehicle from the on the through travel lane of Cottage Grove striking the Plaintiff's vehicle, and that by reason of the careless, negligent and improper conduct of the Defendants, the Defendant's vehicle was then and there caused to come into violent contact and collision with Plaintiff's vehicle, and the Plaintiff was then and there knocked down, thrown and hurled with great force and violence against said motor vehicle.

2

**ANSWER:** **Denied.**

7.    Notwithstanding said duty as heretofore alleged, Defendants then and there did or failed to do one or more of the following careless and negligent acts and/or omissions:

a.    Operated said motor vehicle at a rate of speed greater than was reasonable and proper for considerations then and there existing upon said roadway, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 11- 601(a);

b.    Maintained, equipped and operated said motor vehicle without brakes adequate to control the movement of and to stop said vehicle in time and hold said vehicle, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 12-301(a);

c.    Failed to retain sufficient and proper control over the operation of said vehicle;

d.    Failed and neglected to keep a proper lookout for persons and property lawfully and rightfully on said parking lot;

e.    Failed and neglected to operate said motor vehicle in a reasonable and safe manner so as not to cause damage to Plaintiffs' vehicle;

f.    Negligently and carelessly failed to give audible warning with the horn of the approach of said vehicle contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 12-601(a);

g.    Negligently and carelessly operated said motor vehicle by failing to yield the right-of-way to the Plaintiff's vehicle that was approaching on the roadway Defendant was attempting to enter, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2, Sections 11-906;

h.    Operated said motor vehicle in a reverse direction without first ascertaining that such movement could be made with safety and without interfering with other traffic, contrary to and in violation of the Statutes of the State of Illinois, Chapter 95 1/2 Section 11-1402 (a);

**ANSWER:**    **Denied.**

8.    As a proximate result of the careless and negligent conduct of the Defendant, as aforesaid, Plaintiff sustained damages to his vehicle, by reason of which Plaintiff expended and incurred obligations for expenses and care of said vehicle and other personal expenses resulting from the damaged vehicle.

3

__ANSWER:__   Denied.

9.     As a proximate result of the conduct of the Defendants, as aforesaid, Plaintiff

sustained divers temporary and permanent disabling injuries internally and externally, by reason

of which Plaintiff expended and incurred obligations for medical expenses and care and will in

the future expend and incur such further obligations; Plaintiff has been and will be prevented

from attending to Plaintiff's usual affairs and duties and has lost and will continue to lose great

gains Plaintiffs would otherwise have made and acquired.

__ANSWER:__   __Defendants admit that the plaintiff, CORY KIZER, has alleged__

__through his counsel that he incurred medical special damages totalling $70,247.32, from the__

__following health care providers: Cook County Hospital - $194.00; Advanced Medical Med__

__(Dr. James Kopsian) - $11,865.41; Advanced Physical Med (Michael Bershander LPT);__

__Pinnacle Pain Management - $380.00; North Shore Orthopedics - $12,043.26; Royal First__

__Asst. - $4,773.00; Archer Open MRI - $3,600.00; North Shore Anesthesia - $1,440.00; and__

__APM Surgical Group - $29,755.15. Defendants also admit that plaintiff's counsel has pled__

__in his client's complaint's ad damnum clause that plaintiff is entitled to an amount in excess__

__of $30,000.00 and has signed an "Affidavit of Damages" that avers his client is seeking__

__money damages in excess of $50,000.00. Moreover, defendants admit that the plaintiff's__

__previous lawyer had demanded in settlement from these defendants the sum of $210,000.00.__

__Further answering, the defendants admit that the plaintiff's claims of injury contained in__

__paragraph 9 above ("sustain[ing] divers . . . permanent disabling injuries internally and__

externally, by reason of which Plaintiff expended and incurred obligations for medical expenses

and care and will in the future expend and incur such further obligations and . . . has been and

will be prevented from attending to Plaintiff's usual affairs and duties and has lost and will

4

continue to lose great gains Plaintiff[] would otherwise have made and acquired") **constitute allegations of an amount in controversy that exceeds $75,000.00.**

WHEREFORE, the Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS INC., deny that the Plaintiff is entitled to any judgment in his favor and against the Defendants in any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

On information and belief, the defendants claim that to the extent the plaintiff proves that he was an occupant of the car driven by Ciara Arnold on the date and at the place alleged, then he has failed to mitigate his injuries and damages and thus his damages, to the extent they are recoverable, should be lessened by an amount commensurate with the plaintiff's failure to mitigate his damages.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the discovery in this case demonstrates the existence of any other factual matters that the defendants may claim support an affirmative defense not yet plead in this answer, then they reserve the right to allege such an affirmative defense or defenses.

HINSHAW & CULBERTSON LLP
Attorneys for Defendants LORNE HUDSON
and PROFESSIONAL CARRIERS INC.

By: _____
One of Their Attorneys

Carlton D. Fisher 3122466
cfisher@hinshawlaw.com
Hinshaw & Culbertson LLP
222 North LaSalle Street
Chicago, IL 60601-1081
312-704-3000
Firm No. 90384

5

300629808v1 0992638